

FILED _____ _____ RECEIVED
_____ ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

JAN 30 2013

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHN ALLEN LANOUE,
#81951

    Plaintiff,

vs.

CONNIE BISBEE, *et al.*,

    Defendants.

3:12-cv-00591-RCJ-VPC

**SCREENING ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* is granted (ECF #1). As discussed below, plaintiff's complaint must be dismissed for failure to state a claim for which relief may be granted.

**I.    Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation

was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Hebbe*, 627 F.3d at 342. While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a

complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. Instant Complaint

Plaintiff, who is currently incarcerated at Northern Nevada Correctional Center ("NNCC"), has sued several Nevada Parole Board Commissioners. Plaintiff alleges that defendants have violated his Fourteenth Amendment rights.

Plaintiff claims that he has been denied parole—despite the fact that his prison and criminal records show that he would be a good candidate—solely because he is a sex offender. Even assuming his allegations are true, however, there is no federal constitutional right to parole in Nevada. Nevada Revised Statute 213.10705 provides that the grant of parole is an act of grace by the state, in which no liberty interest exists. *See Severance v. Armstrong*, 96 Nev. 836, 839, 620 P.2d 369, 370 (Nev.1980) ("NRS 213.1099 does not confer a legitimate expectation of parole release and therefore does not create a constitutionally cognizable liberty interest sufficient to invoke due process."). Thus, plaintiff cannot state a claim for violation of his Fourteenth Amendment due process rights or any other constitutional right for denial of parole. Accordingly, plaintiff's complaint is dismissed without leave to amend as it is clear from the face of the complaint that amendment would be futile.

1         This court also certifies that any *in forma pauperis* appeal from its order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed *in forma pauperis* on appeal only if appeal would not be frivolous).

**III. Conclusion**

        **IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (ECF #1) without having to prepay the full filing fee is **GRANTED**; plaintiff shall not be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

        **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of John Allen Lanoue, **Inmate No. 81951** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

        **IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996.

        **IT IS FURTHER ORDERED** that the Clerk shall **FILE** the complaint (ECF #1-1).

        **IT IS FURTHER ORDERED** that plaintiff's complaint (ECF #1-1) is **DISMISSED with prejudice and without leave to amend** for failure to state a claim for which relief may be granted.

IT IS FURTHER ORDERED that the Clerk shall ENTER JUDGMENT accordingly and close this case.

IT IS FURTHER ORDERED that this court CERTIFIES that any *in forma pauperis* appeal from this order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

DATED this 29th day of January, 2013.

_____
UNITED STATES DISTRICT JUDGE

5